**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **DAVID CATALANO and** | : | |
| **JOANNE CATALANO,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **No. 20-4134** |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **MARINEMAX INC., MARINEMAX** | : | |
| **NORTH EAST LLC, BRUNSWICK CORP.,** | : | |
| **SEARAY BOATS, INC., and MERCURY** | : | |
| **MARINE,** | : | |
| **Defendants.** | : | |
| | : | |

Plaintiffs, **DAVID CATALANO** and **JOANNE CATALANO** (hereinafter referred to

herein as "CATALANO" and/or "Plaintiff(s)"), by their attorneys, **AJ GALLO &**

**ASSOCIATES, P.C.**, as and for their Complaint against the above-named defendants

hereby allege as follows:

**PARTIES, JURISDICTION & VENUE**

1.      Plaintiff **DAVID CATALANO** is an individual residing at 181 Peninsula

Drive, Babylon, New York.

2.      Plaintiff **JOANNE CATALANO** is an individual residing at 181 Peninsula

Drive, Babylon, New York, and is the spouse of plaintiff David Catalano.

3.      On information and belief, Defendant **MARINEMAX, INC.** (hereinafter

referred to herein as "*MARINEMAX*" or "Defendant") is a corporation organized and

1

existing pursuant to the laws of the State of Delaware with its principal place of business located at 2600 McCormmick Drive, Suite 200, Clearwater, Florida.

4.     On information and belief, Defendant **MARINEMAX NORTHEAST, LLC** (hereinafter referred to herein as "*MARINEMAX NE*" or "Defendant") is a limited liability company organized and existing pursuant to the laws of the State of New York with its principal place of business located at 846 S. Wellwood Avenue, Lindenhurst, New York.

5.     On information and belief, Defendant **BRUNSWICK CORP.**, (hereinafter referred to herein as "*BRUNSWICK*" or "Defendant") is corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located at 26125 N. Riverwoods Blvd. Suite 500, Mettawa, Illinois.

6.     On information and belief, Defendant **SEA RAY BOATS INC.** (hereinafter referred to herein as "*SEARAY*" or "Defendant") is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located at 800 South Gay Street, Suite 1200, Knoxville, Tennessee, and is a subsidiary of Defendant Brunswick.

7.     On information and belief, Defendant **MERCURY MARINE** (hereinafter referred to herein as "MERCURY" or "Defendant") is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located at W6250 West Pioneer Road, Fond du Loc, Wisconsin, and is a division of Defendant Brunswick.

2

## VENUE & JURISDICTION

8.     Venue is proper in this Court as Defendants transact business in Suffolk County, New York, and/or material events and occurrences giving rise to this action occurred in said county.

9.     This Court has federal question jurisdiction as this action arises under 15 U.S.C. Section 2301, et seq. (*"Magnunson-Moss Warranty Act"*); 15 U.S.C. Section 1601 – 1667(f) (*"Truth In Lending Act"*); and the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees and costs.

10.     This Court has supplemental jurisdiction over the remaining counts that arise under New York State law, pursuant *28 U.S.C. §1367*, as they are so related as to form part of the same case or controversy.

11.     Plaintiffs are informed and believe, and on that basis allege, that this Court has personal jurisdiction over Defendants because each Defendant has extensive contacts with, and conducts business within, the State of New York and this judicial district; Defendants have caused boats and other ancillary products to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contact with this judicial district; and because Defendants have caused tortious injury to Plaintiffs in this judicial district.

12.     Upon information and belief. It is alleged that all conditions precedent to the maintenance of this action have been satisfied, have occurred, or have otherwise been waived.

3

## FACTUAL BACKGROUND

13.     On or about August 19, 2014, plaintiffs purchased a 2014 Sea Ray 300 SLX, HIN SERV2227A414 (the "subject vessel") from Defendant MarineMax Northeast LLC.

14.     The purchase price of $165,780.00, plus interest, taxes and fees, was financed through Defendant MarineMax.

14.     The subject vessel was sold as new, and subject to Defendants' implied and express warranties.

15.     Plaintiffs also purchased an extended 6 -year warranty issued by Defendant Brunswick Corp.

16.     The subject vessel was equipped with engines manufactured by Defendant Mercury Marine.

17.     After purchase, and commencing sometime on or about late September, or early November of 2014, and continually thereafter, plaintiffs experienced nothing but problems, mechanical and otherwise, with the vessel.

18.     The multitude of issues experienced by plaintiffs included, but were not limited to, throttle, transmission and gear box issues, faulty sensors, faulty fuel lines, electrical, battery and alternator issues, power trim issues, water pump an overheating issues, loss of power engine misfiring and exhaust issues, as well as manifold and riser gasket issues. The vessel also apparently suffered from defective upholstery as the surface thereof developed unsightly spots of a pinkish hue all over the white upholstery

19.     The vessel was also plagued with general poor performance which grew increasingly notable season after season.

4

20.     All of these issues gravely diminished the value of the vessel and deprived plaintiffs of the use and enjoyment of the vessel they bargained for and prohibited the plaintiffs from utilizing the vessel for its intended and basic purpose.

21.     Despite repeated demands by Plaintiffs, defendants failed or refused to adequately rectify many of the issues plaguing the vessel despite the express and implied warranties covering the subject vessel.

22.     On account thereof, and in light of the foregoing, on or about July 19, 2019, plaintiffs had no choice but to trade in the subject vessel at a substantial loss.

23.     Moreover, in doing so, it was discovered that the MarineMax Defendants, who arranged for financing of the initial purchase of the subject vessel, unbeknownst to plaintiffs, locked plaintiffs in to a 20 year note as opposed to a 10 year note which had been promised to plaintiffs thereby causing plaintiffs to be further "under water" with respect to the value of the subject vessel thereby causing plaintiffs to suffer additional fiscal harm.

24.     Upon information and belief, many of the issue experienced by plaintiffs constituted latent manufacturer's defects inherent to the vessel and its mechanisms and systems, including the engines and cooling system. All of which, it is alleged, were either known or should have been known by the defendants.

25.     Defendants, through a common and uniform course of conduct, individually and collectively failed to adequately disclose these defects to the general public and to plaintiffs in particular prior to their purchase of the subject vessel.

26.    At all times relevant hereto, Defendants engaged in the design, manufacture, marketing sale, and delivery of watercraft and their components such as the subject vessel on a national basis.

27.    The vessel and its mechanisms and systems were separately warranted by Defendants to be free of defects in material, workmanship and design.

28.    The said warranties were in place at all times relevant hereto.

29.    Defendants failed to honor the applicable warranties in that they failed to adequately repair and/or replace the faulty components and mechanisms of the subject vessel as set forth herein in a workmanlike and timely manner.

30.    Defendants also breached the applicable warranties as they failed to deliver to plaintiffs a vessel having the characteristics and benefits portrayed by defendants to plaintiffs.

31.    Defendants knew of or disregarded the fact that the subject vessel sold to the plaintiffs as new was incapable of performing as intended, and not fit for its intended and basic use.

**FIRST CAUSE OF ACTION**

**(Violation of the Magnuson-Moss Warranty Act)**

32.    Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "31" of this Complaint as fully as though set forth herein.

33.     The Magnuson-Moss Warranty Act, *15 USC 2301, et seq. (the "Act")*, was enacted to in response to widespread misleading and deceptive warranty practices on the part of, inter alia, many manufactures and dealers who were fang to honor warranties.

34.     To remedy this problem, the Act, among other things, imposes civil liability upon any warrantor for failing to comply with the obligations under a written warranty and/or implied warranty and authorizes a suit for damages and other equitable relief. *15 USC Section 2310(d)(1).*

35.     The Act also authorizes the award of attorneys' fees. *15 USC Section 2310(d)(1).*

36.     Defendants are "warrantors" within the meaning of the Act. *15 USC Section 2301(5).*

37.     Plaintiffs are "consumers" within the meaning of the Act. *15 USC Section 2301(3).*

38.     As set forth above. Defendants, inter alia, expressly warranted the vessel and its parts which warranties constitute "written warranties" within the meaning of the Act and the *Uniform Commercial Code ("UCC").*

39.     Defendants have been unable or unwilling to conform the vessel to all applicable warranties and/or service contracts and have failed to repair one or more nonconformities within a reasonable number of attempts or within a reasonable amount of time.

40.     Defendants have been afforded a reasonable opportunity to cure the vessel's nonconformities pursuant to *15 USC Section 2310(e).*

7

41. Defendants have breached all applicable warranties in the manner described hereinabove.

42. As a direct and proximate cause of Defendants' failure to comply with Defendants' express and implied warranties and service contracts, plaintiffs have suffered monetary damages.

43. Pursuant to *15 USC Section 2310(d)(2),* plaintiffs seek, in addition to damages, all costs, including attorneys' fees and expert witness fees.

## SECOND CAUSE OF ACTION

## (Breach of Express Warranty)

44. Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "43" of this Complaint as fully as though set forth herein.

45. The vessel, its systems, mechanisms and its parts were all subject to express warranties as set forth herein.

46. Defendants breached the express warranties in the manner as set forth herein.

47. The express warranties were an integral part of the "basis of the bargain" as the term is used in the *UCC* and are presumed to be part of the vessel's contract of sale.

48. Any limitation period or limitation on recovery are unconscionable within the meaning of *Section 2-302* of the *UCC* and, thus, are unenforceable, in that, among other things, Plaintiffs lacked a meaningful choice with respect to the terms of the written

8

warranties due to, inter alia, lack of barraging power.

49.     On account of the foregoing, Plaintiffs have been monetarily damaged by Defendants' breaches of the express warranties in the manner described herein.

## THIRD CAUSE OF ACTION

## (Breach of Implied Warranty)

50.     Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "49" of this Complaint as fully as though set forth herein.

51.     Under applicable law, a warranty of merchantability is implied in all sales transactions. *UCC Section 2-314(1).*

52.     A warranty of merchantability is a warranty implied by law that a product is fit for its intended use. *UCC Section 2-315.*

53.     The subject vessel, and its mechanisms, systems and parts were subject to an implied warranty of merchantability.

54.     The defects and nonconformities exhibited by the subject vessel constitute a breach of contractual, statutory, and/or common law obligations of the Defendants'.

55.     At the time of delivery of the subject vessel and at all times subsequent thereto, Plaintiffs justifiably relied on the Defendants' implied warranties, obligations and representations with regard to the vessel.

56.     As a direct and proximate cause of Defendants' aforementioned breaches and failure to honor all applicable implied warranties, plaintiffs have incurred monetary damages in the manner herein described.

9

## FOURTH CAUSE OF ACTION

### (Violation of the Federal Truth in Lending Act)

57.     Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "56" of this Complaint as fully as though set forth herein.

58.     The purpose of the statutory scheme is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *15 U.S.C. § 1601(a)*.

59.     Under the *Federal Truth in Lending Act* ("TILA"), lenders must disclose the terms and cost of credit by providing to the consumer certain disclosures required by statute and regulation. A lender's failure to comply with the disclosure requirements under TILA will give rise to a cause of action against it for statutory damages, actual damages, attorney's fees, and rescission.

60.     As set forth above, Defendant MarineMax Northeast, arranged for financing of the initial purchase of the subject vessel on behalf of Plaintiffs.

61.     Plaintiffs made it clear to said defendant that they would not accept financing for a term longer than ten (10) years as so doing would negatively impact the vessel's future value and cause them to pay more interest unnecessarily.

10

62.     Defendant MarineMax Northeast was well aware of Plaintiffs' wishes but yet choose to ignore same.

63.     Defendant MarineMax Northeast, despite Plaintiffs' express wishes, locked Plaintiffs in to a 20 year note as opposed to a 10 year note which had been promised to thereby causing Plaintiffs further damages with respect to the value of the subject vessel thereby causing my clients to suffer additional fiscal harm.

64.     Defendant MarineMax Northeast failed to adequately disclose the terms of the financing to Paintiffs as required by law.

65.     As a direct result of Defendant MarineMax Northeast's conduct Plaintiffs have incurred monetary damages in the manner herein described, for which they seek recompense and damages, including, costs and attorneys' fees as allowed by law.

## FIFTH CAUSE OF ACTION

### (Violation of New York General Business Law Section 349)

66.     Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "65" of this Complaint as fully as though set forth herein.

67.     *New York General Business Law Section 349*, makes deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state unlawful.

68.     In connection, with the subject vessel and transaction, Defendants, individually and in concert, engaged in unfair and deceptive trade practices in violation of applicable law by inter alia, misrepresenting to Plaintiffs that the subject vessel was fit for

11

its ordinary an intended use; that the subject vessel was in merchantable condition free from any known or latent defects; and that the warranties covering the subject vessel would be honored.

69.     Pursuant to *New York State General Business Law § 349(h)*, a party who has been injured by reason of deceptive acts or practices in the conduct of any business, trade, or commerce, or in furnishing any service or product in New York State may bring an action to recover actual damages and injunctive relief. The Court may also award reasonable attorney fees to the prevailing Plaintiffs.

70.     As a direct result of Defendants' unfair and deceptive trade practices as set forth herein, Plaintiffs have suffered damages for which they seek recompense, including costs and attorneys' fees as allowed by law.

## SIXTH CAUSE OF ACTION

## (Violation of New York General Business Law Section 198-D)

71.     Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "70" of this Complaint as fully as though set forth herein.

72.     *New York General Business Law Section 198-D* enacts the "vessel lemon law" to protect consumers purchasing or leasing boats, and requires manufacturers of defective vessels to conform such vessels to the terms of their warranties; and provides for replacement or refund in the event of failure to do so.

73.     As set forth herein, commencing sometime relatively shortly after delivery and continuing up to and including very recently, Plaintiffs experienced nothing but mechanical problems and otherwise, with the vessel, its systems, and its parts.

74.     Defendants herein failed and/or refused to conform the subject vessel to all applicable warranties as required by law, thereby gravely diminishing the value of the subject vessel and causing Plaintiffs to suffer monetary damages.

75.     As a direct result of Defendants' conduct as set forth herein, Plaintiffs have suffered damages for which they seek recompense, including costs and attorneys' fees as allowed by law.

## SEVENTH CAUSE OF ACTION

### (Breach of Contract)

76.     Plaintiffs re-allege and incorporate herein all of the allegations contained in paragraphs "1" through and including "75" of this Complaint as fully as though set forth herein.

77.     On or about August 19, 2014, Plaintiffs and the MarineMax Defendants entered into a contract for the purchase and sale of the subject vessel in new condition.

78.     Pursuant to the terms of that contract, the said Defendants were to tender to Plaintiffs, in exchange for the agreed upon purchase price, a vessel in new condition, free from any known or latent defects, and fit for its ordinary use.

79.     As set forth herein, said Defendants breached said contract by delivering to Plaintiffs a vessel not fit for its ordinary purpose and plagued by latent and known defects.

80.    To date, said Defendants have failed to make the repairs necessary to conform the vessel to the contract of sale despite repeated demand for same made by Plaintiffs to said Defendants and their agents and employees.

81.    Plaintiffs have fully performed all of their obligations under the said contract.

82.    As a direct result of the conduct of the said Defendants as set forth herein, Plaintiffs have suffered damages for which they seek recompense, including costs and attorneys' fees as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all rights, claims and issues so triable under applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment against Defendants as follows:

1)    Granting Plaintiffs a money judgment as against Defendants in an amount to be determined at trial, but in any event in an amount sufficient to compensate Plaintiffs for the damages caused by the conduct of the named Defendants, on the causes of action set forth in this Complaint, as well as treble and punitive damages, costs and expenses, all with interest thereon, as and to the extent allowed by law, and

14

2)    Granting Plaintiffs such other and further relief which to this Court

seems just, proper and equitable.


Dated: Woodbury, New York
       September 03, 2020


**AJ GALLO & ASSOCIATES, P.C.**

Anthony J. Gallo, Esq. (7746)
*Attorneys for Plaintiffs*
1000 Woodbury Road, Suite 212
Woodbury, New York 11797
(631) 987-2658
*Email:  ajgallo@gallolegis.com*

15