UNITED STATES DISTRICT COURT                    CIVIL CONFERENCE
EASTERN DISTRICT OF NEW YORK                    MINUTE ORDER

BEFORE:   A. KATHLEEN TOMLINSON         DATE:   3-10-2021
          U.S. MAGISTRATE JUDGE          TIME:   10:30 a.m. (14 minutes)

*Catalano, et al. v. MarineMax, et al.*
**CV 20-4134 (DG) (AKT)**

TYPE OF CONFERENCE:          **INITIAL CONFERENCE**

APPEARANCES:   Plaintiff     Anthony J. Gallo

               Defendant     David S. Rutherford

FTR:   10:32-10:46

**SCHEDULING:**

       Counsel are directed to contact Chambers to set up a telephone conference within five (5) days of Judge Gujarati's decision on the anticipated motion to dismiss.

**THE FOLLOWING RULINGS WERE MADE:**

1.      Counsel for the parties in this action met for a Rule 26(f) conference.   Unfortunately, counsel utilized a different discovery plan protocol from this Court's protocol.   After discussion this morning, the Court redirected counsel and the Case Management and Scheduling components for this case are incorporated below.

2.      Initial Disclosures pursuant to Rule 26(a) must be served within ten days.

3.      Defendants have filed a letter request for a pre-motion conference to Judge Gujarati.   In light of that anticipated motion, the Court is limiting the discovery which will proceed at this time.   Specifically, the parties are permitted to serve document requests only and their deadline to do so is April 14, 2021.   Responses to those requests must be served by May 28, 2021.   Interrogatories, requests to admit and depositions are stayed pending the outcome of the motion to dismiss.

4.      Counsel have concluded that a Stipulation and Order of Confidentiality will not be needed during the discovery phase of this case.   If those circumstances change as discovery proceeds, counsel have been directed to notify the Court promptly.

5.      I am giving the parties until April 29, 2021 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case.   The parties are to file their letter agreement or formal agreement, executed by all counsel, on ECF no later than April 29 advising the Court of what agreement/ procedure has been put in place, and the specific details of such agreement.

6.      The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is stayed pending the outcome of the motion to dismiss.

7.  In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good and faith to resolve any outstanding discovery disputes.   If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible.   <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so.   Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>.   Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (***not*** merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

8.  Under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court.   Therefore, the parties are not free to grant each other extensions of any deadline set forth in this Order.   Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. **<u>All requests for extensions or modifications of any deadlines stated in this Order must be made by letter motion to the Court at least 48 hours in advance of the expiration of the deadline, unless otherwise directed by the Court.</u>**   The parties are directed to my Individual Practice Rules for further information.

                              **SO ORDERED.**

                              <u>/s/ A. Kathleen Tomlinson</u>
                              A. KATHLEEN TOMLINSON
                              U.S. Magistrate Judge