UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DAVID CATALANO and JOANNE CATALANO,

              Plaintiffs,

       -against-

MARINEMAX, INC., MARINEMAX NORTHEAST,
LLC, BRUNSWICK CORP., SEARAY BOATS, INC.,
and MERCURY MARINE,

              Defendants.
-------------------------------------------------------------------X

Docket No.
2:20-CV-04134 (DG)(AKT)


# MEMORANDUM OF LAW IN OPPOSITION TO

# DEFENDANTS' MOTION TO DISMISS

## PURSUANT TO FED. R. CIV. P. 12(c)


AJ GALLO ASSOCIATES, PC
*Attorneys for Plaintiffs*
Anthony J. Gallo, Esq.
1000 Woodbury Road, Suite 212
Woodbury, New York 11797
(516) 406-3266 – Tel.
ajgallo@gallolegis.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.............................................................................................1

FACTUAL BACKGROUND.............................................................................................1

LEGAL ARGUMENT.......................................................................................................2

I. STANDARD OF REVIEW...........................................................................................2

II. PLAINTIFFS' BREACH OF CONTRACT CAUSE OF ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)......................................................4

III. PLAINTIFFS' BREACH OF EXPRESS WARRANTY CAUSE OF ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)..................................6

IV. PLAINTIFFS' CLAIM FOR BREACH OF IMPLIED WARRANTY SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)...................................................7

V. PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT CAUSE OF ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)...............................8

VI. PLAINTIFFS' GENERAL BUSINESS LAW (SECTION 349, DECEPTIVE BUSINESS PRACTICES) CAUSE OF ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)..........................................................................................................9

VII. PLAINTIFFS' FEDERAL TRUTH IN LENDING CLAIM SHOULD NOT BE DISMISSED ..........................................................................................................11

VIII. PLAINTIFFS' NYS GENERAL BUSINESS LAW SECTION 198-D CAUSE OF ACTION SHOULD NOT BE DISMISSED ........................................................12

IX. DEFENDANTS ARE NOT ENTITLED TO COSTS AND ATTORNEYS' FEES ........................................................................................................12

X. PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND PLEADINGS ...............14

CONCLUSION.................................................................................................15

i

# TABLE OF AUTHORITIES

Cases:

Ashcroft v. Iqbal, 556 U.S. 662
(2009)............................................................................................11

Bell Atlantic Co. v. Twombly, 550 U.S. 554
(2007)............................................................................................2

Cooper v. Samsung Elecs. Am., Inc., 374 Fed.Appx. 250 (3rd Cir. 2010).........................9

Dannon Realty Corp. v. Harris, 5 NY2d 320 ...............................................8

Epos Technology Ltd. v. Pegasus Technologies, Ltd.,

636 F. Supp. 2d 57 (D.D.C. 2009) .......................................................2, 6

Fridel v. City of New York, 210 F3d 79 (2nd Cir. 2000) ......................................14

Furia v. Furia, 116 AD 2d 694 (2d Dept. 1988)............................................4

Greenberg v. Lorenz, 9 NY 2d 195)..........................................................8

Kirkela La Shelle Co. v. Armstrong Co. 263 N.Y.79...........................................5,8

Longadinos v. American Airlines Inc., 199 F.3d 68 .........................................3

Murphy v. Vivian Realty Co. (199 AD 2d 192 (1993) ........................................13

Nester v. McDowell 81 N.Y. 2d 410 .........................................................13

Noise In Attic Prods., Inc v. London Records, 10 AD3d 3c3 (1st Dept. 2004) ...................4

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 NY 2d 20............10

Plaviv v. Group Health Inc. 202 NY Slip Op 02025 ........................................9

Remis v. Fried (2011) Slip Op. 50479(u) ...................................................4

Ricciuti v. NYC Transit Authority, 941 F. 2d 199 ........................................14

Sperling v. 145 East 15th St. Tenants Corp., 174 AD2d 948 ................................13

Swierkiewicz v. Sorema, NA, 534 US 501 (2002) ..........................................2, 7

Tate v. Fuccillo Ford Inc. Misc. 3d 453 ...................................................10

Vallery v. Bermuda Star Line, Inc. (1988 Civ. Ct) 141 Misc 2d 395..........................10

Statutes, Rules, Regulations & Authoritative Text(s)

Federal Rule of Civil Procedure 8(a), 8(a)(2), 12(c), 12(e)

N.Y. U.C.C. §2-302(1), 2-302(2),  2-314, 1-201(10)

New York General Business Law Sections 349(c), 198-D

2019 N.Y. A.B. 6058 (NS)

15 U.S.C.A. § 1601

Magnuson-Moss Warranty Act

## PRELIMINARY STATEMENT

Plaintiffs, David Catalano and Joanne Catalano, by and through their attorneys, AJ Gallo Associates P.C., submit the following Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to *FRCP 12(c)*.

## FACTUAL BACKGROUND

On or about August 19, 2014, Plaintiffs purchased a 2014 Sea Ray 300 SCX (HIN SERU2227A414) (the vessel), from Defendant MarineMax LLC. The vessel was sold as new subject to Defendants' implied and express warranties. The vessel was equipped with engines manufactured by Defendant Mercury Marine.

The vessel's purchase price of $165,780, plus interest, taxes and fees was financed through MarineMax. At the time of the purchase of the vessel, the Plaintiff also purchased a six (6) year warranty issued by Defendant Brunswick Corp (Brunswick).

Upon delivery of the vessel to Plaintiffs, and continually thereafter, Plaintiffs experienced significant mechanical issues with the vessel. Moreover, the vessel was plagued with general poor performance which grew increasingly worse over the years. The vessel also had defective upholstery which grew spotted.

Plaintiffs' repeated attempts to resolve the problematic vessel issues with MarineMax, Brunswick, and Sea Ray were unsuccessful despite the express and implied warranties covering the vessel.

1

Furthermore, Plaintiffs later discovered that MarineMax Northeast LLC, who arranged for the financing of the initial purchase, locked Plaintiffs into a twenty (20) year payment obligation rather than a ten (10) year Note which had been promised to Plaintiffs.

## **LEGAL ARGUMENT**

### I. **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure 8 (a) state that a complaint should contain a short plain statement of claim showing the pleader is entitled to relief (See Fed. R. Civ. P 8(a)(2). The complaint need only give the defendant fair notice of what the Plaintiffs' claim is and the grounds upon which it rests. (*See Swierkiewicz v. Sorema N.A. 534 U.S. 501(2002)*).

Specific facts are not necessary in a complaint, instead a statement need only give defendant notice of what the claim is and the grounds upon which it rests. (See *Epos Technology Ltd v. Pegasus Technologies Ltd. 636 F. Supp. 2d 57 (D.D.C. 2009) quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).*

Accordingly, a defendant's motion would be considered properly filed only "where the Plaintiff's complaint is unintelligible, not where the complaint suffers a lack of detail. (*See Epos Tech, Supra*).

The simplified notice pleading standard relies on liberal discovery rules and availability of making a motion for summary judgment in defending disputed facts and disposing of claims that are without merit. (*See Swierkiewicz, Supra*). As set forth in *Swierkiewicz*, if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definitive statement under Federal Rules of Civil Procedure 12(e) before responding. In the

instant matter Defendants made no such motion.   Perhaps the failure to make such a motion tells us that no more definitive complaint is required.   (See *Longadinos v. American Airlines Inc.*, 199 F.3d 68). In general, the federal rules simply require a plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.

In applying these applicable standards, the Plaintiffs' complaint easily satisfies the requirements of Federal Rules of Civil Procedure 8(a), and thus is sufficient to survive a motion to dismiss.   Plaintiffs' complaint gives the Defendants fair notice of the causes of action and basis of Plaintiffs' complaint.   Plaintiffs' complaint sets forth, among other things, with specificity, the particular vessel that was purchased, the purchase price, that the Plaintiffs purchased an additional six (6) year warranty from Defendant Brunswick, that the vessel was equipped with engines manufactured by Defendant Mercury Marine, the month and year that vessel began exhibiting problematic issues, a listing of problematic issues Plaintiffs experienced with the vessel, that the Plaintiffs reported the problematic issues experienced, that the Defendants failed and refused to adequately rectify many of the problematic issues affecting the vessel, and that defendants failed to honor applicable warranties and breached the contract in that they failed and refused to repair and/or replace faulty components and mechanisms in a workmanlike and timely manner. To this point, it should be noted that defendants maintain all documentation associated with plaintiffs' complaints regarding the vessel and thus can't be said to be completely in thr dark with respect to the allegations contained in the complaint.

Thus, the complaint, in short, meets the requirements of Federal Rule of Civil Procedure

3

8(a) in that it provides Defendants with a short plain statement of the claim, showing that the Plaintiffs are entitled to relief, and, as a consequence, should not be dismissed.

## II.   PLAINTIFFS' BREACH OF CONTRACT ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)

The following elements must be established on a breach of contract claim: (1) a valid and enforceable contract; (2) Plaintiff's performance of the contract; (3) breach by defendant and (4) damages.   *(See Remis v. Fried (2011) NY Slip Op. 50479(u)* - decided January 18, 2011; *Noise In Attic Prods., Inc v. London Records, 10 AD3d 3c3 (1st Dept. 2004)*; *Furia v. Furia,* 116 AD 2d 694 (2d Dept. 1988).

The complaint in the instant matter pleads all elements of a breach of contract claim. Although Defendants argue that the complaint should be dismissed, they do not allege the four elements of the cause of action for breach of contract which have not been pled.

Defendants argue that there are certain provisions in the contract which prevent Plaintiffs from maintaining this action.   However, Plaintiffs' position is that such provisions in the contract (which Plaintiffs believe is an adhesion contracts) are not enforceable.

Defendants state in their moving papers that Plaintiffs and Defendants entered into a Purchase Agreement (See Defendants Memorandum of Law at page 6) but that since the contract provides that MarineMax, Inc. and MarineMax LLC provide no warranties, and the boat was sold "as is", no breach of contract action could be maintained.

The contract for the purchase of the vessel was an "adhesion contract", that is a contract drafted by one party and signed by another. The second party typically does not have the power

4

to negotiate or modify the terms of the contract. Courts carefully scrutinize adhesion contracts and sometimes invalidate parts of the same.

In the instant matter, Plaintiffs purchased the vessel for an amount in excess of $165,000. Despite the significant price level, Plaintiffs were not able to negotiate any terms of the agreement and were required to sign the contract as presented.

It is both unfair and unconscionable for a purchaser of a vessel of this nature and cost to have to accept the vessel "as is" and without any warranties from the seller. In such instances the court may refuse to enforce the contract, or may enforce the contract without the unconscionable clause. (See New York UCC 2-302(1)). In fact, the law clearly states that when it is claimed that a clause is unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determinations. (New York UCC Section 2-302(2)).

Furthermore, in New York, there exist in every contract certain implied covenants, such as the promise to act in good faith in the course of performance (*See Kirkela La Shelle Co. V. Armstrong Co. 263 N.Y. 79*). In the instant matter, while defendants claim that the vessel was sold "as is", plaintiffs have the right to expect that the vessel they paid handsomely for was at the very least fit for its ordinary use. To hold otherwise deprives plaintiffs of their bargain and smacks of unconscionability and lack of good faith. *See NY UCC Section 2--314. Implied Warranty: Merchantability.*

Lastly, plaintiffs should at least be afforded an opportunity to conduct and complete discovery to determine the exact knowledge that the Defendants (including MarineMax Inc. and MarineMax Northeast LLC) had with regard to the issues the type of vessel Plaintiffs' purchased

5

had, and to examine such issues in light for all of the Defendants actions and omissions in selling and repairing or refusing to repair the vessel.

### III.    PLAINTIFFS' BREACH OF EXPRESS WARRANTY CAUSE OF ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(c)

With regard to Defendants' arguments concerning Plaintiffs' claims concerning Defendants' breach of express warranties, Defendants again appear to argue that Plaintiffs' claims do not provide sufficient facts.

As stated at length above, the Federal Rules of Civil Procedure only require a concise statement of the claims rather than evidentiary facts (See Fed R. Civ p 8(a).

Federal Rules of Civil Procedure Section 8(a) states that a complaint should contain a short and plain statement of claim showing that the pleader is entitled to relief.   Specific facts are not necessary in a complaint to give the defendant notice of what the claim is and the grounds upon which it rests.   *(See Epos Technology Ltd. v. Pegasus Technologies Ltd.; Bell Altantic v. Twombly, Supra).*

Notwithstanding the above, the Plaintiffs' complaint does satisfy Fed. R. Civ. P 8(a) requirements.   The complaint gave the Defendants fair notice of claim including, among other things, the specific vessel purchased, purchase price, that plaintiff purchased a six (6) year warranty from Defendant Brunswick, that the boat was equipped with engines manufactured by Defendant Mercury Marine, the month and year problems with the vessel were first experienced by Plaintiffs, a listing of the problems, that the vessel experienced, and that the Plaintiffs reported the problems with the vessel.

6

Clearly the necessary elements of the claim were set forth in the complaint.   However, if the pleadings failed to specify allegations in a manner that provides sufficient notice to Defendants, the Defendants should have moved for a more definite statements under Fed R. Civ. P. 12 (e) before responding.   (*See Swierkiewicz Sorema N.A., Supra*).

Defendants also argue that the defects Plaintiffs complained of may have been the result of design defects rather than manufacturing defects.

Firstly, it should be noted that, in Defendants' numerous attempts to remedy the problems experienced with the vessel, the issue of disclaimer of responsibility because of design defects was not raised. Furthermore, the issue of design defect versus manufacturing defect is very technical and complex.   The same can only be discerned after extensive pre-trial discovery and, perhaps, expert testimony at trial.

Also, because of issues such as agency, representative status, etc., the determination of which Defendants are responsible for express warranties, may, again, only be determined after extensive pre-trial discovery and trial.

## IV.    PLAINTIFFS' CLAIM OF BREACH OF IMPLIED WARRANTY SHOULD NOT BE DISMISSED PURSUANT TO FED. R. CIV. P 12(c)

Defendants argue that there is no implied warranties from MarineMax, Inc. and MarineMax Northeast LLC to Plaintiffs since any such warranties were waived in the purchase agreement. However, if during pre-trial discovery or during trial it is determined that Defendants knew or should have known vessel was subject to the problematic issues, that it did in fact experience, the wavier of implied warranties may in fact be unenforceable.   (*See UCC 2-302(2), also see Kirkela La Shelle Co. V. Armstrong Co. 263 N.Y.79.*

7

Also, New York recognizes a "peculiar knowledge" exception to anti-release provisions which, to some extent, a waiver of implied warranty appears to be.   If the defendant has unique knowledge of an allegedly misrepresented fact, even specific contracted disclaimers will not defeat a plaintiff's contention that it reasonably relied on the misrepresentation.   (*See Dannon Realty Corp. V. Harris 5 NY 2d 320*).

Accordingly, Plaintiffs in this action have the need and right to determine what the defendants knew about the vessel and/or vessel model, and it is respectfully submitted that if they were aware of problematic issues, and failed to disclose them to Purchasers, the waivers of implied warranty of merchantability could be voided.

Furthermore, plaintiffs should have the opportunity at pre-trial discovery, and at trial, to review and examine the relationship between MarineMax Inc. and MarineMax Northeast LLC and the other defendants to determine whether an agency relationship existed to the extent that privity can be imputed between Plaintiffs and the other Defendants.

As a final point on the issue of privity, some courts have recognized a narrow exception to the privity requirement between sellers and consumers.   (*See Greenberg v. Lorenz, 9 NY 2d 195*). The Plaintiffs should be allowed an opportunity to pursue this issue as it relates to the facts of this case.

## V.    PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT (MMWA) CAUSE OF ACTION SHOULD NOT BE DISMISSED

As has been set forth below, Plaintiffs have sufficiently plead claims for breach of implied warranty of merchantability pursuant to Fed. R. Civ. P 12(c).   Also, the Plaintiffs received written express warranties from Brunswick and Mercury Marine.   It is respectfully submitted that it

8

would be, at this time, premature to entertain Defendants' application to dismiss Plaintiffs' Magnuson-Moss Warranty Act Cause of Action. Plaintiffs have properly plead their causes of action based on implied warranty of merchantability and express warranty, and have set forth in their papers why any contractual provisions in the underlying contract agreement setting forth a disclaimer or waiver of such warranties may not, or should not, be enforceable.

Accordingly, if Plaintiffs have stated viable, underlying claims under state law for the breach of an express or implied warranty, then the MMWA claim must survive. *See Cooper v. Samsung Elecs. AM. Inc., 374 Fed Appx 250 (3rd cir. 210).*

## VI.   PLAINTIFFS' GENERAL BUSINESS LAW (SECTION 349, DECEPTIVE BUSINESS PRACTICES) CAUSE OF ACTION SHOULD NOT BE DISMISSED PURSUANT TO FED R. CIV. P. 12 (C)

New York General Business Law Section 349 was enacted to protect consumers from deceptive practices. The Defendants set forth in their Memorandum of Law the three elements which must be evident in a N.Y. GBL Section 349 claim. The elements are (1) consumer-oriented conduct that is (2) materially misleading, and (3) plaintiff suffered injury as a result of the alleged act or practice.

In the instant matter the transaction involved the purchase of a boat to be used for recreational purposes. Millions of Americans participate in recreational boating each year and recreational boating is a multi-billion-dollar industry. It is self-evident that the purchase of recreational boats is a consumer-oriented conduct. *See Plaviv v. Group Health Inc. 202 NY Slip Op 02025 decided on March 4, 2020.* In *Plaviv,* it was found that marketing actions of a health insurer are consumer oriented as they potentially affect thousands of similarly situated consumers.

9

*Also see Tate v. Fuccillo Ford Inc. Misc. 3d 453*, wherein an auto dealer committed a deceptive act of charging a consumer for work done on vehicles based on a national standard without advising the consumer, the consumer could recover against dealer under N.Y. G.B.L 349 (c) because the dealer was a nationally recognized dealership engaged in consumer-oriented transactions including car repairs).

The New York Court of Appeals has adopted an objective definition of misleading conduct. The alleged act must be "likely to mislead a reasonable consumer under the circumstances". *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 NY 2d 20.*

Plaintiffs will show that in the face of Defendants' misleading actions Plaintiffs acted reasonably. The test of whether a representation is deceptive or misleading is not measured against the standard of a reasonable person but against the public, including unwary and unthinking consumers who by an impulse motivated by appearances and general impressions as affected by advertising and sale representations. *See Vallery v. Bermuda Star Line, Inc. (1988 Civ. Ct) 141 Misc 2d 395.*

Defendant takes the position that because a brand-new boat is sold  "AS IS" there are no representations regarding a defect free boat.

To take the Defendants position at face value one would have to assume that the vessel's sale person discussed that the boat was being sold "AS IS" and then stopped talking. Certainly for a vessel of this cost extensive discussions and "sales talk" concerning the boat's capabilities, specifications, reliability, and other particulars were discussed and promoted, and Plaintiffs relied upon the same.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable interferences that the defendant is liable for the misconduct alleged.

10

*See Askroft v. Lqbal 556 U.S. 662 (2009).*

As to the third element of GBL Section 349 claim, Plaintiffs' compliant clearly sets forth the injuries they suffered.

It is Plaintiffs' position as New York State consumers, that they were misled into purchasing a vessel, that had significant manufacturing and other issues and defects, that either were or should have reasonably been known by the defendants, and suffered loss by reason of the same.

## VII.   PLAINTIFFS' TRUTH IN LENDING CLAIM SHOULD NOT BE DISMISSED

The Truth in Lending Act (TILA) was enacted to help protect consumers in their dealings with lenders and creditors and applies to most credit transactions including the one at issue in this case. Plaintiffs allege in the complaint that defendant Marine Max Northeast LLC arranged the financing for the purchase of the subject vessel. This fact is not in dispute. What is in dispute however is the fact that plaintiffs were promised ten-year financing as opposed to the 20-year term plaintiffs actually received. Plaintiffs claim that they were hurried in to signing the financing documents along with the underling purchase documents with no explanation or discussion of the terms, some terms of which, notably, may have been in blank contrary to the provisions of the TILA. Plaintiffs simply trusted that the paperwork would be "in order" as discussed.

Against this backdrop, it is respectfully submitted that plaintiffs should be afforded the opportunity to prove out and bolster this claim via discovery and should no be deprived of the opportunity to do so summarily as evidence of this claim is solely in the province of defendants.

11

## VIII.  PLAINTIFFS' NYS GENERAL BUSINESS LAW SECTION 198-D

## CAUSE OF ACTION SHOULD NOT BE DISMISSED AT THIS JUNCTURE

Plaintiffs' complaint alleges the right to relief under general Business Law Section 198-d, New York's Vessel lemon Law. While defendants are correct that the law was not enacted until 2019, and the body of the law itself does not expressly mention retroactive application, defendants cite to no conclusive authority that the law is not to be applied retroactively. In addition, while the law provides for a four year statute of limitations, the constant, chronic issues plaintiffs suffered with the vessel, all of which were reported to defendants, can be said to function as a toll of said statute of limitations as defendants continued to work on the vessel from the point of plaintiffs' purchase up until quite recently. The facts and circumstances surrounding this claim, by its nature, are *sui generis* and must then be feathered out via discovery.

Accordingly, it is again respectfully submitted that this claim is not ripe for summary dismissal that plaintiffs should be afforded the opportunity to pursue same.

## IX.  DEFENDANTS ARE NOT ENTITLED TO COST
## AND ATTORNEY FEES FROM PLAINTIFFS

As stated in Defendants' Memorandum of Law, clause 9 of the Purchase Agreement, Additional Terms and Conditions states:

> "ATTORNEY'S FEES.  In the event it is necessary for Seller to employ an attorney to enforce any of the terms of this Agreement or to defend any lawsuit arising out of this Agreement, then Buyer shall pay all of Seller's costs, including reasonable attorney fees, whether incurred in trial, appellate or bankruptcy proceedings, plus court costs, depositions, investigation and travel expense and any other necessary expenses unless a judgment is entered against Seller for the complete relief sought in any complaint or pleading."

12

A careful reading of the section shows that the provisions provide that the Defendants are to receive reimbursement of their attorney fees, and certain ancillary expenses **"unless a judgment is entered against seller for the complete relief sought in any complaint or pleadings"** (emphasis added).

It is respectfully submitted that the clause is too broad, overly burdensome and in violation of applicable New York Law.

In *Murphy v. Vivian Realty Co. (199 AD 2d 192 (1993)* the First Department limited the award of attorney fees for when a party seeking them actually prevails in the underlying litigation. In the ruling the court cited *Sperling v. 145 East 15th St. Tenants Corp. 174 A.D. 2d 498*, regarding such rule with respect to RPL 234.)

However, it is not enough that the litigant wins the litigation.   In order to be entitled to attorney fees the litigant must prevail with respect to the central relief sought. *See Nester v. McDowell 81 N.Y. 2d 410*.   In effect, to be entitled to attorney fees a litigant has to win most of what he sought of the beginning of the case.

The attorney's fees paragraph in the purchase contract clearly goes beyond what the New York law permits and should in all respects be deemed void and enforceable.

Furthermore, even if the paragraph was deemed enforceable, it would only apply to the Defendants who are parties to the contract and not all the Defendants.

## X.  PLAINTIFFS SHOULD BE GRANTED

## LEAVE TO AMEND PLEADINGS

Federal Rules of Civil Procedure provides that this Court should freely grant leave to amend a complaint when justice requires it. (Fed. R. Civ. P. 15 (a)(2).)   The Second Circuit has held that district courts should not deny leave unless there is substantial reason to do so such as excessive delay, prejudice to the opposing party or futility. See *Fridel v. City of New York 210 F3d 79 (2d Cir 2000)*.   The rule of the circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith.

In the instant matter the complaint was drafted in good faith and with, what Plaintiffs believe to be, sufficient factual matter to support the causes of action set forth in said complaint. Defendants have taken the position that the complaint does not contain sufficient factual matter to state a claim.   The issue has been a point of honest disagreement in these papers.

If the court should determine that Plaintiffs have not plead sufficient factual matter to state a claim, or if there is found to be any other deficiency in the complaint, the Defendants would not be prejudiced in any manner by allowing Plaintiffs to file amended pleadings including the supplementing of said papers with additional facts to the various claims.

A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, and it should not deny leave to file a proposed amended complaint unless the same rigorous standard is met. *See Ricciuti v. N.Y.C. Transit Authority 941 F 2d 199*.

14

It is important to note that Plaintiffs have made no prior application to amend pleadings in this matter, and no prior pleadings have, in fact, been amended.

Accordingly, Plaintiffs respectfully request that if the Court should decide that any of Plaintiffs' causes of action do not contain sufficient factual matter to state a claim showing that Plaintiff is entitled to relief, or if Plaintiffs' complaint should be found to have any other deficiency, that Plaintiff be granted leave to amend the complaint.

## **CONCLUSION**

It is respectfully submitted that Plaintiffs' complaint is pleaded properly and contains sufficient factual content to support the allegations contained therein to support Plaintiffs claims entitling Plaintiffs to the relief sought. Accordingly, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion dismissing Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12 (c) for judgment on the pleadings. In the alternative, should this Court find that, in any respect, Plaintiffs' Complaint contains insufficient factual matter to state any of its claims under Fed. R. Civ. P 8(a), or that the Complaint is found to be otherwise deficient in any manner, that Plaintiffs be granted leave to amend their pleadings.

Dated: Woodbury, New York
        July 5, 2021

Respectfully Submitted,

**AJ Gallo Associates, P.C.**

By:

Anthony J. Gallo
Attorney for Plaintiffs
1000 Woodbury Road, Suite 212
Woodbury, NY 11797
(516) 406-3266

15

TO:    Rutherford & Christie, LLP
        David S. Rutherford, Esq.
        800 Third Avenue, 9th Floor
        New York, New York 10022
        T (212) 599-5799
        F (212) 599-5162

16