

RUTHERFORD & CHRISTIE LLP
NEW YORK   ATLANTA

April 18, 2022

**Via ECF**

Honorable Diane Gujarati
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   ***David Catalano and Joanne Catalano v. MarineMax, Inc. et al.***
               ***Docket No. 2:20-CV-04134 (GRB)(AKT), File No.302.007***

Dear Judge Gujarati:

     We represent the defendants in the above-referenced matter. Pursuant to your Honor's Individual Practice Rules, we are writing to request a pre-motion conference and to request permission to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

     By way of background, this case involves the sale of a 2014 Sea Ray 300SLX boat which took place on August 19, 2014. The Plaintiffs purchased the boat from Defendant MarineMax Northeast, LLC, a retailer, with a limited express warranty by Defendant Brunswick Corp, the boat's manufacturer. Financing for the purchase of the boat was secured for a term of 20 years through Bank of the West. The boat was delivered the day following the boat's purchase, on August 20, 2014.

     In the original Complaint filed in September of 2020, the Plaintiffs claimed entitlement to relief based on seven causes of action: breach of contract; breached the applicable express and implied warranties; violation of the Magnusson-Moss Warranty Act (deceptive warranty practices); violation of General Business Law § 349 (deceptive business practices); violation of the federal Truth in Lending Act; and violation of General Business Law § 198-d (the "vessel lemon law"). Defendants' F.R.C.P. Rule 12(c) motion to dismiss was granted by Your Honor's Memorandum and Order dated March 10, 2022, and the case was dismissed in its entirety, although plaintiffs were afforded an opportunity to file an amended complaint to cure the deficiencies set forth in the Memorandum and Order dismissing the complaint. Plaintiffs have taken the opportunity to file an amended complaint containing all but one of the prior causes of action and adding some purported additional factual allegations. The amended pleading, however, fails to remedy the deficiencies in the original pleading and it is respectfully submitted that the amended complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

800 THIRD AVENUE
9TH FLOOR
NEW YORK, NY 10022-7649
T: (212) 599-5799 | F: (212) 599-5162
www.RUTHERFORDCHRISTIE.COM

*Catalano v. MarineMax, Inc.*
*April 18, 2022*
*Page 2*

The breach of contract claim is based upon a Purchase Agreement between the Plaintiffs and Defendant MarineMax Northeast, LLC. The Plaintiffs claim that this Defendant agreed to tender a vessel in new condition, free from any defects. The Purchase Agreement, however, clearly and conspicuously states that the vessel was being provided "As Is," without any warranties by MarineMax. It was signed by the Plaintiffs and a representative on behalf of MarineMax. Accordingly, as MarineMax sold the boat "As Is," it cannot possibly have agreed to tender a boat free from any defects and, therefore, did not breach the terms of the Purchase Agreement. Plaintiffs attempt to cure this deficiency by now alleging that one of the MarineMax salespersons made certain oral representations. Any such alleged oral statements, however, are barred by the parol evidence rule. Where, as here, the terms of an agreement are unambiguous, the plaintiffs may not rely upon any parol evidence in an effort to amend or supplement their claims. Plaintiffs also allege that the sales agreement for the boat constitutes a "contract of adhesion, containing unconscionable terms and provisions" but offer no factual support that the elements necessary to support such a finding are present in this case.

The breach of express and implied warranty claims fail in similar fashion. With respect to express warranties, Defendant MarineMax sold the boat to the Plaintiffs "As Is," without any warranties. The terms of the Purchase Agreement with Defendant MarineMax also expressly and conspicuously disclaim against any implied warranties. As to the express limited warranty, the Additionally, whether construed as a claim for manufacturer defect or design defect, the Plaintiffs cannot be granted relief. Defendant Brunswick Corp. properly disclaimed liability for manufacturer defects, and design defects are not covered by warranties protecting against defects in "materials and workmanship," as is the case with the limited warranty in question. *See, e.g., Haag v. Hyundai Motor America*, 294 F.Supp. 3d 102, 105 (W.D.N.Y. 2018).

The implied warranty claim as to Defendant Brunswick Corp. must fail because the Plaintiffs were not in privity with this defendant. "New York law allows claims of implied warranty to be brought only by those in privity with the named defendant." *Jackson v. Eddy's LI RV Center, Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012), citing *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 248 (2d Cir. 1986). Further, a limited express warranty has been found to be insufficient to create privity for the purposes of a claim for breach of implied warranty. *Cummings v. FCA US LLC*, 401 F.Supp.3d 288 (N.D.N.Y. 2019). Since the Plaintiffs' claims for express and implied warranties fail under state law, the Plaintiffs are not entitled to relief under the Magnusson-Moss Warranty Act; it does not provide an independent cause of action. *Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212 at 232 (S.D.N.Y. 2015).

Plaintiffs also have not, and indeed cannot, show entitlement for relief under GBL § 346 (deceptive business practices). The Plaintiffs do not point to any facial, consumer-oriented and materially misleading deceptive conduct on behalf of the Defendants, as is required for a showing of entitlement for relief in this regard. *See, Prue v. Fiber Composites*, LLC, 2012 U.S. Dist. LEXIS 54027 (E.D.N.Y. Apr. 17, 2012). The Plaintiffs have only identified a unique alleged dispute

*Catalano v. MarineMax, Inc.*
*April 18, 2022*
*Page Three*

between themselves and the Defendants. Additionally, the law is clear that "the presence of a disclaimer or similar clarifying language may defeat a claim of deception" pursuant to GBL § 349, as is applicable here. *Fink v. Time Warner Cable*, 714 F3d 739 at 742 (2nd Cir. 2013). Plaintiffs try and cure the deficiency in their original pleading by adding the sentence: "Upon information and belief, the deceptive trade practices of the Defendants to which the plaintiffs fell prey were geared towards not only Plaintiffs but to the general public at large." This conclusory, unsupported allegation is wholly insufficient and most likely would not withstand Rule 11 scrutiny.

With respect to the Plaintiffs' federal Truth in Lending Act cause of action, the Retail Installment Contract and Security Agreement between Defendant MarineMax Northeast, LLC and the Plaintiffs clearly demonstrates the appropriate disclosures made, despite the Plaintiffs' claims to the contrary. Specifically, the Plaintiffs claim that the Defendants locked them into a 20 year note, as opposed to a 10 year note as requested, and did not disclose the financing terms in this regard. A review of the Retail Installment Contract provides that the payment schedule would be 240 monthly payments, which is equivalent to a 20 year period. The Plaintiffs' signatures are on both the Retail Installment Contract, and the Bank of the West Agreement to Furnish Insurance, which also states the 240 month payment term. Plaintiffs again attempt to cure this deficiency by now alleging that one of the MarineMax salespersons made certain oral statements regarding the term of the note. Any such alleged oral statements are clearly barred by the parol evidence rule. Where, as here, the terms of an agreement are unambiguous, the plaintiffs may not rely upon any parol evidence in an effort to amend or supplement their claims.

Based on the foregoing, plaintiffs' amended complaint fails to cure the deficiencies which lead to the dismissal of the original complaint and, accordingly, we respectfully request permission to file a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted. We are available for a conference at the Court's convenience. Thank you for your consideration of this request.

Respectfully submitted,

RUTHERFORD & CHRISTIE, LLP

David S. Rutherford

cc: **Via First Class Mail**
AJ GALLO & ASSOCIATES, P.C.
1000 Woodbury Road, Suite 212
Woodbury, New York 11797
Attention: Anthony J. Gallo
ajgallo@gallolegis.com

RUTHERFORD & CHRISTIE LLP